UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OZGUR TOHUMCU<br>1300 Kenyon Street, NW<br>Apartment 3<br>Washington, DC 20010<br>CIS File No. A77 727 315<br><br>         Plaintiff,<br><br>v.<br><br>PHYLLIS HOWARD, District Director<br>Washington Field Office<br>US Citizenship & Immigration Service<br>2675 Prosperity Avenue<br>Fairfax, VA 22031<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>         Defendants | COMPLAINT FOR HEARING<br>ON NATURALIZATION<br>APPLICATION<br><br>Civ. No. |

**PRELIMINARY STATEMENT**

1. This action is brought against the defendants pursuant to 8 U.S.C. §1447(b) with a request for judicial relief in the form of an adjudication of the plaintiff's Application for Naturalization (Form N-400) in this Court.

2. The plaintiff properly filed his application with the defendants on February 10, 2006, and he attended an examination of his application on August 9, 2006. As more than 120 days have passed since the plaintiff's examination, the plaintiff seeks review of his application by this Court. The plaintiff is prima facie eligible for naturalization, as explained below, and this Court should grant his application for naturalization.

## JURISDICTION

3. This is a civil action brought pursuant to 8 U.S.C. § 1447(b) (jurisdiction of district court to decide an application for naturalization when there has been a failure by the agency to make a decision within 120 days of the examination). *See also* 8 C.F.R. § 310.5(a) (2006). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the plaintiff, by which statutes jurisdiction is conferred. Jurisdiction is also conferred pursuant to 5 U.S.C. § 704 (Administrative Procedure Act).

4. This complaint is timely because more than 120 days have passed since the Washington District Office of U.S. Citizenship and Immigration Services ("USCIS") conducted an examination of the plaintiff on his naturalization application on August 9, 2006. *See* 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5(a).

## VENUE

5. Venue lies in the District of Columbia, the judicial district where the plaintiff resides, pursuant to 8 U.S.C. § 1447(b) (". . . the applicant may apply to the United States

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

2

District Court for the District in which the applicant resides for a hearing on the matter."); *See also* 8 C.F.R. § 310.5(a).

## PARTIES

6. The plaintiff, Mr. OZGUR TOHUMCU, has been a lawful permanent resident of the United States since May 7, 2001 and resides in Washington, DC. He was born in the Turkey in 1972, and he is a citizen of the Turkey. His alien registration number is A77-727-315.

7. The defendants, PHYLLIS HOWARD, District Director, USCIS Washington Field Office; EMILIO T. GONZALEZ, Director, USCIS; MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS"); and ROBERT S. MUELLER, Director, Federal Bureau of Investigation ("FBI"), are made party defendants pursuant to 8 U.S.C. § 1421(a). The Washington Field Office of USCIS conducted the examination of the plaintiff on his application for naturalization. USCIS is the agency of the U.S. Department of Homeland Security responsible for adjudicating applications for naturalization under the Immigration and Nationality Act and has the sole authority to naturalize persons as citizens of the United States, by delegation of the Attorney General, pursuant to 8 U.S.C. § 1421(a). *See also* 8 C.F.R. § 310.1. The defendant officials of USCIS referred to herein also include its predecessor organization, which was known as the U.S. Immigration and Naturalization Service.[1] The FBI is the agency responsible for completing security

---

[1] On March 1, 2003, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security pursuant to Title IV of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2177. *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003).

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053   Fax: 202-483-6801

3

checks, including name and fingerprint checks, for applicants for immigration benefits including naturalization.

## FACTS

8. The plaintiff, Mr. Ozgur Tomhumcu, was born in Turkey and became a lawful permanent resident of the United States on May 7, 2001. *See* Exh. 1. He is married to Ergem Senyuva, who resides in and is a citizen of Turkey. Mr. Tohumcu has been steadily employed in this country in a variety of business management positions and has always paid his taxes. He has one child, who was born in 2006 in Turkey.

9. Mr. Tohumcu is eager to become a U.S. citizen and the delay by USCIS in adjudicating his application is of great concern to him. Among other reasons, Mr. Tohumcu wishes to be able to sponsor his wife and child for permanent resident status, so that she may join him in the United States. Until Mr. Tohumcu becomes a citizen, he can only file on his wife and child's behalf a visa petition that would likely take several years to process, in some cases as long as 12-15 years. However, once he becomes a citizen, Mr. Tohumcu's wife and child would become immediately eligible for permanent resident status and could join him in the United States. *See* INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i) (defining "immediate relatives"). Until that time, Mr. Tohumcu faces separation from his wife and child, made lengthier by the respondents' unreasonable delay in adjudicating his application for naturalization.

10. Mr. Tohumcu filed his application for naturalization (Form N-400) with USCIS on February 10, 2006. *See* Exh. 3. *See also* Exh. 2. He was fingerprinted for this application on March 22, 2006. *See* Exh. 4.

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

4

11. Mr. Tohumcu attended an examination on his naturalization application at the USCIS Washington Field Office in Fairfax, Virginia on August 9, 2006, where he was interviewed by Officer Hughes. *See* Exh. 5. At the end of the examination, Officer Hughes informed Mr. Tohumcu that he had passed the American civics and English language tests but that the application could not be approved until the security clearance procedure is completed.

12. On August 30, 2006, Satsita Muradova from Mr. Tohumcu's counsel's office attended an INFOPASS appointment at the USCIS Washington Field Office. The CIS office informed Ms. Muradova that the CIS had not yet received a security clearance for Mr. Tohumcu. *See* Exh. 6.

13. On September 25, 2006, Alma Ortman from Mr. Tohumcu's counsel's office attended an INFOPASS appointment at the USCIS Washington Field Office. The CIS office informed Ms. Ortman that the CIS had not yet received a security clearance for Mr. Tohumcu. *See* Exh. 7.

14. On November 9, 2006, Alma Ortman from Mr. Tohumcu's counsel's office attended an INFOPASS appointment at the USCIS Washington Field Office. The CIS office informed Ms. Ortman that the CIS had not yet received a security clearance for Mr. Tohumcu. *See* Exh. 7.

15. Also, on November 9, 2006, counsel for Mr. Tohumcu, Andres Benach sent a letter to the USCIS Washington Field Office via certified mail inquiring about the status of the application. *See* Exh. 8. This letter has not been answered.

16. On December 4, 2006, Alma Ortman from Mr. Tohumcu's counsel's office attended an INFOPASS appointment at the USCIS Washington Field Office. The CIS office

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

5

informed Ms. Ortman that the CIS had not yet received a security clearance for Mr. Tohumcu. *See* Exh. 7.

17. The defendant USCIS has not issued a final decision on Mr. Tohumcu's naturalization application. As more than 120 days have elapsed since Mr. Tohumcu's examination on August 9, 2006, the plaintiff requests that this Court adjudicate his application for naturalization. *See* Exh. 3. *See also* Exh. 2.

## CLAIMS

18. The plaintiff has a clear right to be granted United States citizenship and this Court has clear jurisdiction to adjudicate his application for naturalization now that the defendants have failed to do so within the time period specified in 8 U.S.C. §1447(b). *See also* 8 C.F.R. § 310.5(a). The plaintiff has no other relief available. *See generally Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

19. The plaintiff has a clear right to be granted United States citizenship for the following reasons:

    a. The plaintiff has demonstrated an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language, as required under 8 U.S.C. § 1423(a)(1).

    b. The plaintiff has demonstrated a knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States, as required under 8 U.S.C. § 1423(a)(2).

    c. The plaintiff is not opposed to the United States Government or law and does not favor, nor has he ever favored, any totalitarian form of government. Therefore, he is not barred from naturalization under 8 U.S.C. § 1424.

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

6

    d. The plaintiff meets the requirements as to residence as provided under 8 U.S.C. § 1427(a). Immediately prior to the filing of his application for naturalization on February 10, 2006, plaintiff had resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years, and during the five years immediately preceding the date of filing his application for naturalization had been physically present therein for periods totaling at least half of that time. Furthermore, the plaintiff has resided in the District of Columbia for more than three months before filing his application for citizenship; thus, his application for naturalization was properly filed pursuant to 8 U.S.C. § 1427(a)(1) with the Washington District Office of USCIS in Fairfax, Virginia. Finally, the plaintiff has continuously resided within the United States from the date of his application for naturalization on February 10, 2006 to the present.

    e. During all the periods referred to at 8 U.S.C. § 1427(a), the plaintiff has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

20. Congress has vested the Executive Branch with authority to confer citizenship. 8 U.S.C. § 1421(a). The statute authorizing the Executive Branch to decide citizenship is suffused with mandatory language. *See* 8 U.S.C. §§ 1422, 1423, 1427; *see also Iddir*, 301 F.3d at 499 (describing Congress' use of mandatory language and the word "shall" through the statute as conferring a duty upon the Attorney General to administer the diversity visa program.) The defendants owe the plaintiff a duty to

Michael Maggio  
MAGGIO & KATTAR  
11 Dupont Circle, NW Suite 775  
mmaggio@maggio-kattar.com  
Phone: 202-483-0053  Fax: 202-483-6801

7

adjudicate the plaintiff's application and have unreasonably failed to perform that duty. The fact of a grant of jurisdiction to U.S. District Courts to review lack of adjudication under 8 U.S.C. § 1447(b) demonstrates that Congress intended to impose a mandatory duty on the Executive Branch.

21. The plaintiff has exhausted any administrative remedies that exist and has availed himself of this Court's review under 8 U.S.C. § 1447(b), which provides for judicial recourse in cases of administrative inaction. When USCIS fails to make a determination on a naturalization application within 120 days of the applicant's examination, the applicant may appeal to the appropriate federal district court for a hearing. 8 U.S.C. § 1447(b). The "examination" referenced in 8 U.S.C. § 1447(b) has been interpreted by this and other courts to refer to the initial examination interview scheduled under 8 U.S.C. § 1446(a). *See Castracani v. Chertoff*, 377 F. Supp. 2d 71, 73 (D.C.D.C. 2005); *see also United States v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005); *Angel v. Ridge*, 2005 WL 1263143, *4 (S.D. Ill. May 25, 2005).

22. The plaintiff is entitled to judicial review of his pending naturalization application pursuant to 8 U.S.C. § 1447(b), because more than 120 days have passed since he was interviewed by the Washington Field Office of USCIS on August 9, 2006, and USCIS has, to date, failed to make a determination on his application. *See also* 8 C.F.R. § 310.5(a). The filing of this petition vests the Court with exclusive jurisdiction to determine the plaintiff's naturalization application, pursuant to 8 U.S.C. § 1447(b). *See Castracani*, 377 F. Supp. 2d at 75; *see also Hovsepian*, 359 F.3d at 1159.

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

8

WHEREFORE, the plaintiff prays that the Court:

1. Assume jurisdiction over the case and adjudicate the plaintiff's application for naturalization.

2. Grant such other and further relief as this Court deems proper under the circumstances; and

3. Grant attorney's fees and costs of Court to the plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 22nd day of December 2006,

OZGUR TOHUMCU

*By counsel,*

_____
Michael Maggio
DC Bar Number: 254094


MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
202-483-0053
FAX: 202-483-6801
mmaggio@maggio-kattar.com

*Counsel for Plaintiff*

Michael Maggio
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
mmaggio@maggio-kattar.com
Phone: 202-483-0053  Fax: 202-483-6801

9